**SUPREME FOODS, Inc.**

v.

**MAYO CANULETTE.**

No. 1737.

United States District Court
E. D. Louisiana, New Orleans Division.
March 24, 1954.

**56**

Henican, James & Cleveland, New Orleans, La., for libellant.

John E. Jackson and Baldwin J. Allen, New Orleans, La., for respondent.

CHRISTENBERRY, Chief Judge.

The above entitled cause having come on for hearing on the pleadings and proofs of the respective parties, and having been argued by respective counsel, the Court being fully informed in the premises, after due deliberation makes the following findings of fact and conclusions of law:

### Findings of Fact

I.

On June 1, 1948, libellant entered into a bare boat charter with respondent for the MV POLLY D, for a period of six months, commencing June 1, 1948, and expiring December 1, 1948, at a monthly rental of $1,000, payable on the first day of July, August, September, October and November, 1948, respectively.

II.

On or about July 20, 1948, respondent paid, under the said bare boat charter, $500 to libellant and $500 to the Canulette Shipbuilding Co., Inc., for libellant's account, pursuant to libellant's written authorization.

III.

On or about August 19, 1948, the aforementioned bare boat charter was cancelled by the mutual agreement of libellant and respondent.

IV.

At the time that said bare boat charter was cancelled, and since, respondent has owed charter hire to or for the account of libellant in the sum of $1,500, that is, for the entire month of July and one-half of the month of August, 1948, at the rate of $1,000 per month.

V.

In accordance with the aforementioned assignment, one-half of the said $1,500 was, and is, payable to the Canulette Shipbuilding Co., Inc., for the account of libellant.

VI.

The other one-half, $750, was payable to libellant.

VII.

However, the Court finds that at the time that the said bare boat charter was cancelled, and the MV POLLY D was returned to the representative of libellant, there was on the said vessel the following supplies, worth the following amounts:

(a) 2800 gallons of diesel oil, reasonably worth 13¢ per gallon;

(b) 250 gallons of gasoline, reasonably worth 24¢ per gallon;

(c) 60 gallons of lubricating oil, reasonably worth $1 per gallon,

the total value being $484.

VIII.

Accordingly, the Court finds that respondent is entitled to an offset of $484 against the $750 due libellant, making a net due libellant of $266.

### Conclusions of Law

I.

This Court has jurisdiction over the subject matter, and in Admiralty.

II.

Libellant is entitled to a judgment against respondent for the sum of $266.

### III.

Libellant has claimed 5% interest from August 15, 1948. The Court rejects this claim.

### IV.

Libellant has requested that its judgment include costs; and under the discretion vested in the Court, and considering the pleadings and evidence, the Court has decided to award costs to libellant, said costs to be paid by respondent.

Let a judgment be prepared in accordance with these findings.